## Graham, Appellant, *v.* Graham.

*Divorce—Desertion.*

In a libel for divorce by a wife on the ground of desertion, a decree will not be granted where it appears that the libelant had not spoken to her husband for two or three years before they separated, that she had rented his room in the house to a boarder, and had practically crowded him out of the house.

*Evidence of adultery.*

A charge of adultery against a husband in a libel for divorce is not sustained by the testimony of the wife to circumstances of suspicion alone.

Argued Nov. 5, 1892. Appeal, No. 220, Oct. T., 1892, by plaintiff, Olive Graham, from decree of C. P. No. 1, Allegheny Co., Dec. T., 1891, No. 733, refusing decree of divorce. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Libel by wife for divorce.

From the testimony it appeared that on July 17, 1889, respondent left his home and went to reside five or six squares away, where he occasionally saw his children. For two or three years before he left home his wife had not spoken to him, and immediately before his departure had rented his room to a boarder.

The libelant testified that she had frequently upbraided her husband for going with other women; that she found in his pockets a letter purporting to be from a young woman making an appointment with him for 9 A. M. Sunday at a church, also photographs of women and a receipt for a lady's watch.

The court, COLLIER, J., refused a decree.

*Error assigned* was order refusing a decree.

*R. A. Balph, Jas. Balph* with him, for appellant, cited, Van Dyke v. Van Dyke, 135 Pa. 465 ; Ingersoll v. Ingersoll, 49 Pa. 249 ; McClurg's Ap.; 66 Pa. 366 ; Bealor v. Hahn, 117 Pa. 169 ; Detrick's Ap., 117 Pa. 452 ; Eshbach v. Eshbach, 23 Pa. 343.

*A. B. Hay,* for appellee, cited, Smith v. McCurdy, 3 Phila. 489 ; Angier v. Angier, 63 Pa. 450 ; Butler v. Butler, 1 Pars. 329.

PER CURIAM, January 3, 1893:

This was a libel for a divorce in the court below, brought by the wife against her husband. The grounds of divorce as set forth in the libel and amended libel are, first, cruel and barbarous treatment, second, willful and malicious desertion for more than two years, and, third, adultery by the husband.

In was conceded upon the argument that the evidence does not sustain the first charge. We are very clear that it does not sustain the third. The most that it amounted to were circumstances of suspicion, and those by no means strong. That there was a desertion by the husband may perhaps be conceded, but the evidence fails to show that there was a willful and malicious desertion within the meaning of the act of assembly. While the respondent lived apart from his wife, some five or six squares away, there is evidence to show that his wife did not want his company, had not spoken to him for two or three years before they separated, and had rented his room in the house to a boarder. Practically he was crowded out of his home.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.