Opinion by
Rice, P. J.,
This suit for divorce on the ground of desertion was begun on July 16,1909, and it was alleged in the libel that the desertion took place on July 8, 1907. In her original answer, respondent denied that she willfully and maliciously deserted the libellant on the date named or at any time, without just cause, and alleged that the libellant treated her in a cruel and barbarous manner, and that he offered such indignities to her person as to render her life burdensome and condition intolerable, and thereby forced her to withdraw from his house and family. Later the respondent, by leave of court, amended her answer by adding the charge of adultery, and, on the trial before a jury, was permitted still further to amend by adding the allegation that her withdrawal from the home of the libellant was induced by his conduct, was by and with his consent, and was connived at and encouraged by him.
The fact that the respondent withdrew from the libellant’s house on July 8, 1907, was undisputed, and the principal question raised on the trial was as to the allegations set up in the last amendment to the answer. In his general charge, as well as by his affirmance of respondent’s points, the learned judge instructed the jury that, if they found that the libellant consented to her withdrawal, then she was not guilty of desertion such as would entitle him to a divorce. The verdict óf the jury in favor of the libellant implies a negation of the allegation of his consent. No part of the charge is assigned for error, but it is argued that, by the rulings made on the trial, evidence was excluded, which, if it had been admitted, might have changed the result.
In order to a full understanding of some of these rulings it is important to notice that, in November, 1907, the *608 respondent here applied for a divorce a mensa et thoro from the libellant here, charging cruel and barbarous treatment endangering her life, and indignities to her person rendering her condition intolerable, etc. An answer was filed, and, after full hearing, the libel was dismissed, the court finding “that the respondent did not, as alleged in the libel, offer such indignities to her person as to compel her to withdraw from his house and family, or subject her to cruel and barbarous treatment endangering her life, and that therefore the libel ought to be dismissed.” If the issue in the present case had been upon the matter alleged in the answer as originally framed, this decree would have barred the defense there set up as legal cause for the separation, because it was a conclusive adjudication that the respondent in that proceeding, the libellant here, had not been guilty of cruel and barbarous treatment, or of offering indignities to the person of the libellant there, the respondent here. But under the answer as amended on the trial, a new and different defense was alleged, namely, that the separation was by and with the libellant’s consent. This was not and could not be set up as “reasonable cause” for the separation, but it is recognized by the authorities as a fact that repels the presumption that the separation was a willful and malicious desertion. Thus, in Butler v. Butler, 1 Pars. Sel. Eq. Cas. 329, a leading case, Judge King said: “Although no court determining on the marriage relation, recognizes such consent-separations as arrangements strictly legal; yet, when it is clearly shown that the withdrawal of a wife or husband from mutual cohabitation, has been the result of such an understanding or agreement; or where the withdrawal of one has received the subsequent approbation of the other, the continuity of absence under such circumstances is not a ‘willful and malicious desertion.’ The malice of the desertion arises from its being the perverse act of the one, in refusing the performance of the matrimonial obligations and duties, which the other has the legal right to require. But when such separation has been the result of mutual *609 arrangements, and these clearly established in proof, then each are in equal fault in this particular, and neither can claim a legal right against the other, in consequence of an act in which he or she has been an equal participant. Such assent or acquiescence, however, are revocable acts. And if either party persists in a state of separation after such revocation, he or she thenceforth occupies the position of a party quitting cohabitation of his or her own motion.” The doctrine was clearly enunciated in Ingersoll v. Ingersoll, 49 Pa. 249, where the court said: “Separation is not desertion. Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, willfully and maliciously persisted in, without cause, for two years. The guilty intent is manifested when, without cause or consent, either party, withdraws from the residence of the other.” This familiar clause of the opinion in Ingersoll v. Ingersoll was quoted with approval in Middleton v. Middleton, 187 Pa. 612, and in connection therewith Justice Dean cited Graham v. Graham, 153 Pa. 450, as holding that, where the evidence showed that the wife gave her husband to understand that she did not want his society, and in consequence he lived apart from her five or six squares distant, this did not constitute willful and malicious desertion on his part. The principle has been recognized in several of our cases, amongst which may be mentioned Hull v. Hull, 14 Pa. Superior Ct. 520; Olson v. Olson, 27 Pa. Superior Ct. 128; and King v. King, 36 Pa. Superior Ct. 33. And in the last two cases it was said that the mutual consent that will prevent a divorce upon the ground of desertion may be inferred from the conduct of the parties, and need not be put in the form of a solemn written agreement. We refer to the law upon this subject at this length for the purpose of showing that the question of the libellant’s consent to the separation was not and could not have been adjudicated in the former proceeding. A judgment of a court of competent jurisdiction, upon a question directly involved, in one suit, is conclusive as to that question in another suit *610 between, the same parties, but to this operation of the judgment it must appear, either upon the face of the record or be shown by extraneous evidence, that the precise question was raised and determined, or could have been raised and determined, in the former suit. Relying upon this principle, it is argued by appellant’s counsel, correctly we think, that evidence tending to show libellant’s consent might be admissible in this suit, although the same evidence was offered in the prior case and tended to sustain the charges there made. But evidence that would go no further than to sustain those charges would not be admissible. The evidence that would be admissible, under the answer as last amended, must have some apparent relation to, and bearing upon, the question of consent, and be sufficient, taken as a whole, to sustain a finding that the separation was by mutual consent, not merely that it was justified by the libellant’s bad conduct. The learned trial judge was wholly right in controlling the admission of evidence so as to confine it to this issue, and to prevent the trial from drifting into a mere retrial of the issue that had been conclusively adjudicated in the former suit.
Referring now to the assignments of error specifically, we remark, with regard to the first assignment, that there was no error in the ruling at the time it was made, and that, after the answer was amended, the libellant was fully cross-examined upon the subject referred to in this assignment.
The second and fourth assignments may be considered together. They relate to respondent’s offers to cross-examine the libellant “as to his conduct toward, and treatment of, his wife immediately after the time she left their home,” and to prove in chief “the manner in which Doctor Kelly treated his wife for years prior to her withdrawal from his home.” The ostensible purpose was to show the libellant’s consent by his conduct. For the reasons already suggested, the offers were not admissible for any other purpose, and, in order to confine the evidence *611 within the legitimate bounds of the issue, it was of the first importance that the specific acts or conduct which the respondent proposed to prove as evidence of the libellant’s consent be stated. An offer of evidence should aver with reasonable distinctness and certainty the facts which are necessary to show that it is admissible; otherwise the time of the court might be wasted in an examination which could come to nothing, or perhaps would divert the attention of the jury from the point in issue, and the appellate court would not be able to say that the rejection of the offer caused any injury: Sweetzer v. Atterbury, 100 Pa. 18; Hill v. Truby, 117 Pa. 320; Cole v. High, 173 Pa. 590; Kittanning Boro. v. Garretts Run Gas Co., 35 Pa. Superior Ct. 167; Muntz v. Whitcomb, 40 Pa. Superior Ct. 553; Feingold v. Katz, 43 Pa. Superior Ct, 333, and cases there cited; Lytle v. Rupert, 44 Pa. Superior Ct. 493. There could be no plainer case for the application of the rule than this. Nor is there any ground for the respondent’s inferring from these rulings that no evidence as to the conduct of the libellant would be admitted. The court indicated the contrary in its ruling, and a great deal of that kind of evidence was admitted.
It appears, by the third assignment of error, that it was proposed to ask the libellant the following question on cross-examination: “At one of those talks (with Mr. Harris) just shortly before she left your home, didn’t you tell him that you would get a divorce on some ground, that your wife was too delicate a woman for you, and that you would prove her crazy if necessary?” This was objected to as not cross-examination and as incompetent under the pleadings. We cannot say that the second objection was good. Such a declaration, though not made to or in the presence of the respondent, would tend to show the libellant’s desire and willingness to be separated from his wife, which facts, though not of themselves tantamount to giving consent, were nevertheless relevant to the issue. But the first objection seems to have been well taken. Moreover, the respondent was in no wise *612 harmed by the ruling. At a subsequent point in the libellant’s cross-examination the question was renewed and rejected, the court saying: “I do not think it is cross-examination but you will probably be allowed to prove it some time.” Thereupon counsel said: “I will prove it the other way.” Accordingly, when the defense was reached the respondent called witnesses who were permitted to testify fully as to the alleged declaration. It is apparent, therefore, that the effect of the ruling was simply to postpone the admission of the testimony until the presentation of the respondent’s case, where it properly belonged, and of this she has no just cause to complain.
All the assignments of error are overruled and the decree is affirmed.