## August C. Sperling, Apellant, *v.* Anna K. Sperling.

*Divorce—Indignities to the person—Desertion—Consent to separation—Res adjudicata — Period of separation — Computation of time.*

Where a libel for divorce by a wife against her husband charging indignities to her person is dismissed, and thereafter a libel for divorce is filed by the husband against the wife alleging desertion, and the wife endeavors to set up indignities to the person as a defense in the desertion proceeding, such a defense cannot be considered, inasmuch as it is res adjudicata by a former suit; but the record of the former suit will not prevent her from setting up as a defense that her husband consented to the separation, or that there was not on her part a wilful or malicious desertion.

Even though the wife fails to produce sufficient evidence to justify a decree on the ground of indignities to the person, if the proceedings were brought in good faith, her conduct negatives that intention to desert which is necessary to justify the granting of a divorce against her on the ground of desertion.

308, (1923).]     Syllabus—Opinion of the Court.

The time of voluntary separation of either party during the pending of a divorce suit cannot be included in computing the statutory period necessary to support a decree of divorce for desertion in a suit brought after the dismissal of the former complaint.

Where a husband's libel in divorce, based on desertion, was filed less than seven months after the wife's libel, based on indignities to the person, had been dismissed, there is no fulfillment of the statutory time limit, and the libel in desertion will be dismissed.

Argued October 17, 1923. Appeal, No. 274, Oct. T., 1923, by libellant, from decree of C. P. No. 4, Phila. Co., June T., 1922, No. 4076, sustaining exceptions to the master's report, and dismissing the libel in divorce in case of August C. Sperling v. Anna K. Sperling. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel for divorce on the ground of desertion. Before McCULLEN, J.

Testimony was taken before Edward W. Willard, Esq., master, appointed by the court below. The master found in favor of the libellant, but the court below sustained exceptions to his report, and dismissed the libel. Libellant appealed.

*Errors assigned* were the sustaining of the exceptions to the master's report, and the dismissal of the libel.

*George W. Harkins, Jr.,* for appellant.

*Ulysses S. Koons,* and with him *Conway & Conway,* for appellee.

OPINION BY GAWTHROP, J., November 19, 1923:

This suit for divorce on the ground of desertion was begun on June 29, 1922, and it was alleged in the libel that the desertion took place on June 13, 1920. In her answer, respondent denied that she wilfully and maliciously deserted libellant on the date named, or at any

other time, and alleged that libellant invited her to leave his house and that he subjected her to such indignities to her person as to render her condition intolerable and life burdensome, thereby compelling her to withdraw from his home and family on June 13, 1920. The court below sustained exceptions to the report of the master recommending a divorce and dismissed the libel. Hence this appeal.

The fact that respondent left libellant's house on June 13, 1920, was undisputed, and the principal question raised before the master was whether there was a wilful and malicious desertion and absence of respondent from the habitation of the complainant without reasonable cause for and during the space of two years. It was admitted that preceding the separation of the parties on June 13, 1920, they had an argument which resulted in libellant's striking respondent upon the mouth. Whereupon, she left his home. The next day respondent returned and removed some articles from the house. A little later respondent began proceedings against libellant in the municipal court to obtain an order for her support. On August 23, 1920, she instituted in Court of Common Pleas No. 4 of Philadelphia County an action in divorce against her husband, alleging that he had offered such indignities to her person as to render her condition intolerable and life burdensome, thereby causing her to withdraw from his home and family. During the course of the latter proceeding, the husband offered to take the wife back and she refused to return. She testified that her refusal was based upon the intolerable treatment accorded her by him and upon the belief that he did not desire her to return. The wife's action for divorce resulted in a dismissal of the libel. While the decree in the former suit is a bar to the defense of indignities to the person of the wife in the present suit because it was a conclusive adjudication that the respondent in that proceeding, the libellant here, had not been guilty of offering indignities to the person of the

wife, the determination of that suit adversely to her does not prevent her from setting up in the present suit that her husband consented to her withdrawal or that there was not on her part a wilful and malicious desertion: Kelly v. Kelly, 51 Pa. Superior Ct. 603. Separation from the husband by the wife is one of the facts included in a proceeding for divorce for indignities to the person, but such a separation is not desertion if the complaint is well founded. And even if there is a failure to produce evidence sufficient to justify a decree on the ground of indignities to the person, if the proceeding was brought in good faith, her conduct negatives that intention to desert which is necessary to justify the granting of a divorce against her on the ground of desertion: Zeiler v. Zeiler, 58 Pa. Superior Ct. 220. No presumption of bad faith should be attributed to respondent, because her action was not sustained. Nor is there anything in the evidence in this case to indicate that the wife's suit was not instituted by her in good faith. Libellant stated that the only invitations extended to the wife to return were those made in the course of the proceedings in which she was endeavoring to establish her right to a divorce. These invitations were not extended by the husband in person, but by a probation officer of the municipal court and by an attorney. After a careful reading of the testimony, we are all satisfied that the wife's separation from her husband was not disagreeable to him; that she left his home and remained away from it, believing that she had a just cause for securing a divorce, and that the husband never made a sincere effort to effect a reconciliation. We are quite clear that libellant did not establish a wilful and malicious desertion and absence of respondent from his habitation without reasonable cause during the space of two years.

But for another reason libellant is not entitled to a decree. The time of voluntary separation of either party during the pending of a divorce suit cannot be included in computing the statutory period necessary to support a

decree of divorce for desertion in a suit brought after the dismissal of the former complaint.   The reason for this is that such separation was justifiable if the former proceeding was in good faith: Zeiler v. Zeiler, supra.   Libellant's suit was instituted less than seven months after the wife's libel was dismissed.   The desertion charge covers nearly all of the time during which the wife's suit was pending.   The fact that his suit was begun more than six months after the termination of his wife's suit does not distinguish his case from Zeiler v. Zeiler, supra, because the time of the pending of the wife's case is covered in the desertion charge.   On both grounds, the libel was properly dismissed.

The decree is affirmed at appellant's cost.