## Patterson's Estate

Before Gest, Henderson, Van Dusen and Sinkler, JJ.

*D. J. Dolan* and *Daniel Epstein*, for exceptant.

*Sadie T. M. Alexander*, contra.

VAN DUSEN, J., March 10, 1933.—There is no doubt that decedent's wife left him. There is evidence, which the auditing judge believed, that she did so because she was tired of taking care of her stepchildren, that decedent gave her no cause, and that he tried in vain to get her back. She had left before and had been taken back. These facts characterize her departure as wilful and malicious

desertion, and bar her right to the widow's exemption and to a share of her husband's estate under the Intestate Act, unless successfully rebutted.

The wife brought an action for divorce on the ground of indignities and process was duly served. Decedent filed no answer and the action went no further. It was not begun promptly or prosecuted diligently. A wife is not to be regarded as a deserter while she is absent from her husband in order to prosecute in good faith an action for divorce, even though the action fails of success: Zeiler *v.* Zeiler, 58 Pa. Superior Ct. 220; Sperling *v.* Sperling, 82 Pa. Superior Ct. 308. But this does not mean that she may continue her absence indefinitely after she has failed, or after a reasonable time has elapsed within which to prosecute her action.

The husband four years later married another woman and lived in adultery with her. Once the cause of divorce on the ground of desertion matures, it is no answer to say that the husband was subsequently guilty of adultery: Ristine *v.* Ristine, 4 Rawle 460; Mendenhall *v.* Mendenhall, 12 Pa. Superior Ct. 290.

Accordingly, the wife is barred from a share in her husband's estate by section six of the Intestate Act of June 7, 1917, P. L. 429.

The exceptions are dismissed and the adjudication is confirmed absolutely.