Franks *v.* Franks, Appellant.

Argued October 27, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Benjamin H. Linton,* for appellant.

*Theodore L. Reimel,* for appellee.

OPINION BY KELLER, P. J., January 27, 1938:

This was an action of divorce brought by the husband on the ground of wilful and malicious desertion.

The parties were married on August 3, 1918. They separated on February 14, 1921 and have not lived together since. The libel in divorce was filed on December 18, 1935. The defense was that the separation was with the libellant's consent. If it was, the libel must be dismissed, for there was no evidence worthy of serious consideration that the libellant ever sought, in good faith, to resume marital relations with the respondent.

A great part of the testimony before the master was devoted to a recital by the libellant of alleged indignities committed by the respondent for a long time prior to, and continuing up to, the separation. Most of it should not have been received, for it was not relevant to the issue. While the libellant's attorney announced his intention to ask for the amendment of his libel, by charging indignities to the person as an additional ground for divorce, the amendment was never made, and the issue was wholly between desertion and consentable separation.

A respondent, charged with desertion, may *defend* on the ground that the libellant's cruel and barbarous treatment or indignities to her [1] person justified her leaving him, and that, therefore, there was no wilful and malicious desertion on her part; but a libellant who rests his case on the sole ground of wilful and malicious desertion is confined to that ground, and if the desertion is not established by the evidence, but a consentable separation is proved, the case cannot be helped out by evidence that his consent to the separation was due to a course of indignities on the respondent's part. If she was guilty of such indignities as entitled him to a divorce, he should have sued on that ground. He cannot use evidence of alleged indignities to secure a de-

---

[1] I have used the feminine gender because the respondent in this case is a woman, but the *defense* mentioned is equally open to a male spouse.

cree of divorce on the ground of wilful and malicious desertion.

A careful reading of the relevant testimony in the case leads us to disagree with the findings and conclusions of the master and the court below. Indeed, the libellant's own testimony convinces us that the separation on February 14, 1921 was with his desire and consent.

Upon their marriage, the parties went to live with the wife's parents in their home. About three months thereafter the libellant who was employed in the Philadelphia Navy Yard met with a serious accident which disabled him from working for a long time. He was paid workmen's compensation, but it amounted to only about a third of the wages he had been earning, and the wife obtained employment to help out the family income. The wife did not think it fair that her mother should bear the burden of libellant's unemployment, and in September 1920 they moved to an apartment on North Broad Street, the rent for which was $40 or $45 a month. Her employment took her out at night and he stayed at home. He objected to her being out at night, was jealous of her associates and 'nagged' her. They had difficulty in making ends meet, and she thought he should be employed. Bickerings were frequent and their relations became strained. They decided to break up housekeeping and each go to his or her parents' home. Pursuant to this arrangement he sent for the moving van to come and take their furniture to a storage warehouse. In his own words, "The rent was due, see, on the 15th, and I wasn't financially able to pay another month's rent—we paid forty dollars a month—[the wife testified, $45 a month]—and I decided that the only thing I could do was put the furniture in storage." He testified that when his wife told him she was going to leave, he said to her, "I couldn't continue to tolerate the conditions I have been living

under for the past year. I told her that," (p. 16a);
and again "I told her under the conditions that I had
been living that I couldn't continue on. I said, unless
she mended her ways, I couldn't continue to live on
with her" (p. 40a). In the light of these statements,
we pay little heed to his assertion, elsewhere, that he
asked her not to go on February 14, 1921, and that a
week later he went over to her mother's home where
she was living and "asked her if she wouldn't reconsider
going back to housekeeping." He had no means to go
back to housekeeping.

We shall not discuss his testimony as to the alleged
indignities on her part, for they are not properly in
the case; nor her counter-charges of his idleness and
refusal to work and support her, necessitating her work-
ing to support both; his nagging and jealousy about
her associates at her work; his willingness to live off
her mother, but his unwillingness to take his wife to
his own parents' home to live—for they have no bear-
ing on the case, except to the extent that they corrobo-
rate the direct testimony of both libellant and respond-
ent that the separation on February 14, 1921 was agree-
able to both parties and therefore did not amount to a
desertion by either.

The master rested under a misapprehension as to who
carried the burden of proof. The party alleging the
affirmative must prove it. The libellant alleged that
the respondent had, without reasonable cause wilfully
and maliciously deserted him on February 14, 1921 and
continued in such desertion for a period of two years
and upwards. The burden was on him to prove it by
clear and satisfactory evidence. When instead of show-
ing a wilful and malicious desertion on her part, he
proved a consentable separation on February 14, 1921,
no burden whatever rested on the respondent to prove
or disprove anything. On the contrary, he himself
had proved a reasonable cause for their living apart.

Where the parties have once separated by mutual consent, the spouse who later seeks a divorce must prove that he, or she, as the case may be, in good faith, sought a reconciliation and asked the other spouse to resume marital relations, and the burden is on the spouse alleging such bona fide attempt at reconciliation to prove it. The master overlooked this, and recommended a divorce because the respondent failed to meet a burden which the law had not placed on her. In doing so he relied on cases which presented wholly different factual situations. Where the libellant's evidence makes out a clear case of desertion by the respondent, without a reasonable cause and not consented to by him, and she defends on the ground that she was justified in leaving him because of his cruel and barbarous treatment or indignities to her person, the burden is on her to prove her affirmative defense; but when his own case shows a separation by mutual consent, no burden at all rests on her until he proves, by clear and satisfactory evidence, that he made efforts, in good faith, to bring about a reconciliation and resumption of marital relations, and her refusal to live with him. As we said before, he cannot make out a case of wilful and malicious desertion by attempted proof of conduct on his wife's part which led him to desire and consent to a separation.

The master was also mistaken in ruling that if the parties separated by mutual consent on February 14, 1921, respondent nevertheless committed an act of desertion, on September 30, 1921, by filing a libel for divorce on the grounds of cruel and barbarous treatment and indignities to the person, which was not pressed. None of our decisions justifies such a ruling. We held in *Zeiler v. Zeiler,* 58 Pa. Superior Ct. 220 and in *Sperling v. Sperling,* 82 Pa. Superior Ct. 308, that if a wife files a libel, in good faith, charging her husband with cruel and barbarous treatment or indignities

to her person, even though the libel is dismissed, the period elapsing between the filing and dismissal of the libel cannot be included in computing the statutory period of two years necessary to support a decree of divorce for desertion brought by the other spouse after the dismissal of the former complaint. But if such action is not brought in good faith, the period elapsing during the pendency of the action may be so included (*Gilbert v. Gilbert,* 108 Pa. Superior Ct. 351, 357, 164 A. 103). But we nowhere decided that the bringing of an action of divorce for cruel and barbarous treatment or indignities to the person after a consentable separation constituted in itself an act of desertion. It does not.

The decree is reversed and the libel is dismissed.