## Caplan *v.* Caplan, Appellant.

584

Argued November 10, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Hubert I. Teitelbaum*, with him *Abraham Fishkin* and *J. Q. Salmon*, for appellant.

*James B. Ceris*, with him *Clyde P. Bailey*, for appellee.

OPINION BY GUNTHER, J., January 19, 1954:

The husband filed suit for a divorce a.v.m. on the grounds of desertion and indignities. The master recommended that a divorce be granted on desertion, the court below entered a decree and defendant wife has appealed.

Defendant contends that the separation of the parties, which continued for over two years, was consensual and was continued by the encouragement of the husband. The husband's testimony refutes any such interpretation. He stated that she left after a trivial disagreement over food and told him at the time that she was leaving him. He made several attempts there-

after to get her to return. Several exhibits, letters written by the defendant, indicated her settled intention to remain separated. The wife's story was, of course, different in many respects and raised the matter of credibility, which the master decided in the husband's favor. The conclusion of the trier of fact on the issue of credibility will not be lightly disturbed. *Uhlinger v. Uhlinger,* 169 Pa. Superior Ct. 574, 83 A. 2d 423; *Horton v. Horton,* 170 Pa. Superior Ct. 209, 85 A. 2d 602. From our independent review of the record, we find no cause to alter the decision. The defendant admitted that she voluntarily left the marital abode, but contended that it was in order to get a rest at her mother's home. No explanation was given as to why she made no attempt to return. The alleged consent to the initial separation is predicated partly on the fact that the husband helped put the child's crib in the car, which could more logically be construed as a mere act of courtesy. The husband directly testified that he did not consent to her leaving. The defendant also contends that the plaintiff was guilty of indignities. A review of these allegations reveals only the merest trivia of an infrequent nature, which need not be detailed here. She also complains that the plaintiff's sister lived in the same house, but the evidence is clear that the two women got along well together.

It is further argued that, even if there was a wilful desertion, the statutory two-year period did not run, because the defendant instituted an action for divorce a mensa et thoro about a year after the separation. Such an action will tend to negative the continued existence of intention to desert, if brought in good faith. *Lowe v. Lowe,* 148 Pa. Superior Ct. 439, 25 A. 2d 781; *Franks v. Franks,* 129 Pa. Superior Ct. 487, 196 A. 578. This defendant, however, failed to prose-

cute her suit to any conclusion whatsoever. She now argues that the case was dropped because the plaintiff voluntarily agreed to send her support money and that support is the primary purpose of a divorce from bed and board. However, if that were the only purpose, she need never have brought the action, but relied only on the non-support action she actually did start. We agree with the court below that her action was not brought in good faith, did not halt the continuation of the two-year desertion, and is ruled by *Gilbert v. Gilbert*, 108 Pa. Superior Ct. 351, 164 A. 103.

Upon consideration of all the evidence, we deem it sufficient to sustain the decree and therefore dismiss the assignments of error.

Decree affirmed.