## Hensinger v. Hensinger

*Linn H. Schantz*, for plaintiff.

*Daniel M. Garrahan*, for defendant.

KOCH, J., March 19, 1956.—Plaintiff filed a complaint in equity alleging that she and defendant were husband and wife from October 14, 1935, to November 22, 1954. On April 7, 1936, the parties secured title, as tenants by the entireties, to a tract of land with buildings thereon erected in Upper Milford Township, Lehigh County. The bill further sets forth that plaintiff secured a divorce a mensa et thoro in this court on November 22, 1954. She prays for a

decree of partition in accordance with the Act of May 10, 1927, P. L. 884, 68 PS §501. The prayer also requests the appointment of a trustee to make public sale, an equal division of the proceeds between plaintiff and defendant and that defendant be ordered to account for and pay a reasonable rental value for the occupancy of the aforesaid premises since May 31, 1953.

Defendant has filed preliminary objections raising two questions:

(1) That since the divorce granted plaintiff was a decree in divorce a mensa et thoro and not a decree a vinculo matrimonii, the court is without power to grant the prayer of plaintiff's complaint; (2) that plaintiff has failed to comply with section 3 of the Act of 1927, P. L. 884, 68 PS §503, which provides for the recording of the decree in divorce in the office of the recorder of deeds.

Since the real estate in question was acquired after May 13, 1925, but before 1949, the parties took title subject to the possibility that the right of survivorship might be destroyed by a partition after a divorce decree. Consequently, plaintiff's action is based on the Act of 1927, P. L. 884, 68 PS §501. The pertinent portion of this act is as follows:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, either of such tenants by entireties may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. . . ."

Plaintiff maintains that since the Act of 1927, supra, failed to distinguish between a divorce a vinculo matrimonii and a divorce a mensa et thoro, it was the legislative intent that its provisions should be applicable to her.

In ascertaining the meaning of the words "shall be divorced", it is necessary to examine the nature of a tenancy by entireties. A tenancy by entireties (or by the entirety) is essentially a joint tenancy, modified by the theory of the common law that the husband and wife are one person: Tiffany, Real Property, (Third Ed.) §430. The entity has the familiar four unities, to wit, unity of interest, of title, of time and of possession. There was no machinery at common law whereby one tenant by the entireties could compel a partition of the estate: 26 Am. Jur. 706, Husband and Wife, §81. This rule was based on the reasoning that since neither party owned any separate interest in the property, there was no right of partition and there are no statutes changing the common law rules where the parties are still undivorced. See Christner v. Christner, 366 Pa. 41; Collins v. Wilkinson, 366 Pa. 108. See also Alles v. Lyon, 216 Pa. 604, which discusses the general effect of divorce on tenancy by entireties before the various legislative enactments.

The Supreme Court in the case of Lazare v. Lazare, 365 Pa. 591, held that the Act of 1927 is to be strictly construed and only such modifications of the law as the act clearly and definitely prescribes will be recognized. The principle of strict construction is likewise made mandatory in this situation by virtue of the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58(8), 46 PS §558(8) which provides that provisions enacted prior to the effective date of that act which are in derogation of the common law shall be strictly construed. Consequently, it becomes necessary to determine the construction to be placed upon the Act of 1927 with respect to the words "shall be divorced".

We are of the opinion that the legislature intended the divorce contemplated is a divorce a vinculo matrimonii.

A divorce a mensa et thoro, from bed and board, as its name implies, does not have the effect of terminating the marriage relation and amounts to no more than a judicial decree available only at the suit of the wife, authorizing her to live separate and apart from her husband without being guilty of desertion: Hill v. Hill, 62 Pa. Superior Ct. 439. See also Rudolph's Estate, 128 Pa. Superior Ct. 459. That a divorce a mensa et thoro does not affect the marriage property rights has been well established in Pennsylvania. It was said by Mr. Justice Rogers in Clark v. Clark, 6 W. & S. 85, 87:

"As a divorce *a mensa et thoro* does not destroy the relation of marriage, but merely suspends some of the obligations arising out of that relation, it follows that the right, as regards succession to property, is not impaired. Thus a wife, after a divorce on account of cruelty, is dowable of her husband's land. . . . So a husband is tenant by the curtesy of his wife's lands. The husband is also entitled to her personal property, and he may release a legacy given to his wife, notwithstanding a divorce. . . . Thus it appears that the title to property, whether dower, curtesy or personal estate, is affected by a divorce according to the nature of the divorce; for if it be a dissolution of the marriage and then only, the rights consequent upon it will cease. But where the bond of matrimony is not dissolved, as in case of a divorce *a mensa et thoro*, the rights of the parties, so far as regards succession to property, remain as before."

That the legislature did not contemplate that the words "shall be divorced" should be interpreted as applying to both types of divorce is further evidenced by the fact that at the same session of that body, it gave a wife who secured a limited divorce standing as a feme sole: Act of April 11, 1927, P. L. 181, sec. 1, 48 PS §117a. See also 15 Standard Pa. Practice 418,

§513. Had the legislature intended to extend the rights of wives who secured a divorce a mensa et thoro to a partition of jointly owned real estate, it would have so specifically provided.

If we should rely on nothing more than a bare definition of the word "divorce", plaintiff's position is without foundation. For instance, Ballentine's Law Dictionary has separate definitions for the terms "divorce", "divorce a mensa et thoro" and "divorce a vinculo matrimonii". The word "divorce", citing Miller v. Miller, 33 Cal. 353, "imports a dissolution of the marriage relations between husband and wife. The term is not answered by a divorce in part or to a limited intent only, but calls for a complete severance of the tie by which the parties were united". The definition of the word "divorced" likewise imports a dissolution, in the largest sense, of the marriage relation. It is established in this Commonwealth that words having a precise and well settled legal meaning must be interpreted in the same sense in statutes unless a contrary meaning is plainly intended: Ryder Appeal, 365 Pa. 149; Smrekar v. Jones and Laughlin Steel Corp., 137 Pa. Superior Ct. 183; Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 33, 46 PS §533.

While this court is without jurisdiction to entertain the bill of complaint with respect to partition, it may be that relief can be afforded regarding the sole occupancy by defendant. It has been recently held that a reasonable interpretation of the Married Women's Property Act necessarily permits an action in equity by one spouse to protect as "separate property" his interest therein held by them as tenants by the entireties and from the possession of which the other spouse is wrongfully excluded: Lindenfelser v. Lindenfelser, 383 Pa. 424. The prayer of plaintiff's bill of complaint with regard to reasonable rental value is simply in-

cidental to the basic relief (partition) prayed for and for that reason she should not be barred from instituting another proceeding in equity if the facts warrant it.

Since we are holding that this court is without jurisdiction to entertain plaintiff's bill with regard to partition, it becomes unnecessary to consider the remaining preliminary objection.

We accordingly enter the following

*Decree*

And now, March 19, 1956, the court sustains the preliminary objection with respect to lack of jurisdiction and the bill of complaint is therefore dismissed without prejudice to the rights, if any, of plaintiff to seek equitable relief with respect to the sole occupancy of the premises by defendant.