Opinion by
Ervin, J.,
This is an appeal by the plaintiff, Eugene W. Zimmerman, from the refusal of the court below to grant him a divorce a.v.m. on the grounds of desertion and indignities to the person.
It is the second time that these parties have been before this court with regard to their marital discord: see Zimmerman v. Zimmerman, 198 Pa. Superior Ct. 26, 180 A. 2d 97.
We have carefully examined the entire record and have reviewed the briefs of counsel and find that on April 13, 1959 Mrs. Zimmerman withdrew from the common household and on October 19, 1959 she filed an action in divorce from bed and board on the grounds of adultery and indignities to the person. On April 12, 1962 this court affirmed the order of the court below dismissing Mrs. Zimmerman’s complaint. On April 19, 1962, Mr. Zimmerman filed the present complaint charging desertion and indignities.
It has long been the law that in computing the statutory period necessary to support a divorce for desertion, the time of the voluntary separation of the defendant during the pendency of a previous divorce suit brought in good faith by the defendant, cannot be in *178 cluded by the plaintiff in the two-year statutory period: Zeiler v. Zeiler, 58 Pa. Superior Ct. 220; Sperling v. Sperling, 82 Pa. Superior Ct. 308; Franks v. Franks, 129 Pa. Superior Ct. 487, 196 A. 578; Lowe v. Lowe; 148 Pa. Superior Ct. 439, 25 A. 2d 781; Caplan v. Caplan, 174 Pa. Superior Ct. 583, 102 A. 2d 198; White v. White, 185 Pa. Superior Ct. 141, 138 A. 2d 162.
. The eases of Colin v. Golin, 190 Pa. Superior Ct. 125, 151 A. 2d 801, and Ganunis v. Ganunis, 201 Pa.' Superior Ct. 222, 192 A. 2d 236, are not applicable and do not change the existing law as announced in the foregoing cases, nor were they intended to do so., .
Counsel for Mr, Zimmerman argues that his wife should not have the benefit of the Zeiler rule because she brought the first action for divorce from bed and board in bad faith. The contention is that she had deliberately, knowingly and falsely accused him of adul-; tery in her complaint and bill of particulars. She later-admitted that he could not have been committing adultery on the occasion set forth in her pleadings. It must; be remembered that in addition to the adultery charge,, Mrs. Zimmerman, in her first action, also charged in-, dignities. Mr. Zimmerman and his secretary had committed certain acts that certainly were improper. How.-: ever, Mrs. Zimmerman failed to prove a course of conduct sufficient to give her a divorce on the ground, of indignities to the person. We are satisfied that that portion of her case was brought in good faith. Further,-, more, we are not prepared to say that the adultery charge was leveled in bad faith. It is a fact that counsel actually draws the pleadings in a case. We do not know whether the language used in the complaint or bill of particulars was that of counsel or Mrs. Zimmerman. The complaint and bill of particulars in her previous case state respectively as follows: “The Defendant, Eugene Walter Zimmerman, on or about the 4th day of July, 1958, and at divers times before and; *179 after said date, committed adultery with one Myrtle Moyers, of Mechanicsburg, Pennsylvania.”
“1. That on July 4, 1958, at approximately 11:30 A.M., at the Holiday West Motel, situate in Cumberland County, Pennsylvania, the Plaintiff came upon the Defendant and one Myrtle Moyers, who were then and there in such a situation and position that, led the Plaintiff to the inescapable conclusion that the Defendant and Myrtle Moyers had committed adultery at that time and on previous occasions at times and places unknown at this time to the Plaintiff.”
We are of the opinion that the indignities charge in Mrs. Zimmerman’s divorce complaint was made in good faith and that she is entitled to the benefit of the Zeiler rule. Mr. Zimmerman, therefore, failed to prove desertion for the statutory périod of two years.
Without discussing the testimony, we agree with the master and the court below that the evidence with regard to indignities did not reveal a course of conduct sufficient to establish a cause of divorce.
Decree affirmed.