## Koolish, Appellant, v. Koolish.

Argued March 21, 1969.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Ivan Michaelson Czap,* for appellant.

*Henry B. Fitzpatrick, Jr.,* with him *Broderick, Schubert & Fitzpatrick,* for appellee.

Opinion by Jacobs, J., June 12, 1969:

This is an appeal by the plaintiff, Serge Koolish, from the refusal of the court below to grant him a divorce a.v.m. on the grounds of desertion and indignities to the person. The dispute centers on the ground of desertion as a cause for divorce. The appellant states in his brief that he does not appeal from the court's refusal of a divorce on the ground of indignities. Without discussing the testimony, we agree with the master and the court below that the evidence with regard to indignities failed to reveal a course of conduct sufficient to establish a cause of divorce.

The parties were married in Germany in 1947. They came to the United States in 1952 and lived in New York for ten years. On July 24, 1962, the husband left his home in New York and moved to Pennsylvania in connection with his employment as a mechanical engineer. The wife remained in New York and on January 7, 1963, instituted an action against her husband for judicial separation in the Supreme Court of Queens County, New York, on the grounds of cruelty and abandonment. The matter was tried on September 24, 1963, with the defendant husband present and represented by counsel. On December 9, 1963, the New York court entered a judgment of separation in favor of the wife, decreeing, inter alia, that she "is separated forever from the bed and board of the defendant . . . because of the abandonment of the plaintiff by the defendant."[*] Mrs. Koolish has since maintained her residence in New York.

On September 16, 1964, the appellant husband brought this action in Pennsylvania for divorce a.v.m. averring that his wife had deserted him wilfully and maliciously on or about July 23, 1962, and had been

---

[*] *Koolish v. Koolish*, Index No. 375-1963 (Sup. Ct. Queens Co., Spec. T. Part III, Dec. 9, 1963).

absent without reasonable cause for the statutory period of two years. The wife introduced a certified copy of the New York decree of judicial separation and alleged that the issues raised by her husband's complaint were res judicata by virtue of that judgment. The master, although gratuitously finding that the wife was unjustified in refusing to accompany her husband to Pennsylvania, concluded that the New York decree was entitled to full faith and credit and precluded the grant of a divorce for desertion because the matter was res judicata. The court below affirmed the master's recommendation and dismissed the complaint.

Initially, it is clear that a divorce or separation decree by a court of competent jurisdiction in a sister state in which the parties have appeared must be accorded full faith and credit under article IV, §1 of the United States Constitution. See *Harding v. Harding*, 198 U.S. 317 (1905); *Harrison v. Harrison*, 183 Pa. Superior Ct. 562, 133 A. 2d 870 (1957); *Com. ex rel. DiPasquale v. DiPasquale*, 162 Pa. Superior Ct. 29, 33, 56 A. 2d 265 (1948). The question for decision is the effect of the New York decree on the husband's claim that his wife has committed wilful and malicious desertion for a period of two years from July 23, 1962.

It may be that the issue of the wife's desertion is res judicata because of the New York decree either as a bar or as estoppel by judgment. See, e.g., *Harding v. Harding*, supra; *Foster v. Foster*, 70 Pa. D. & C. 485 (C.P. Beaver 1949); *Crawford v. Crawford*, 47 Pa. County Ct. 56 (C.P. West. 1915); *Downs v. Downs*, No. 6150 Sept. Term, 1954 (C.P. No. 5 Phila. Co.); Freedman, Law of Marriage and Divorce in Pennsylvania §§363, 714 (2d ed. 1957); 24 Am. Jur. 2d Divorce and Separation §110 (1966); Annot., 95 A.L.R. 234 (1935); Annot., 138 A.L.R. 346 (1942), supplemented in 90 A.L.R. 2d 745 (1963). For the New

York decree to be a bar, the New York and Pennsylvania proceedings must have been based on the same cause of action. To amount to an estoppel, the decree must have been an adjudication of facts and issues material to the Pennsylvania action, in this case the desertion.

We do not have a sufficient record before us, however, to make a determination that the matter is res judicata. All we have is a certified copy of the New York "Judgment of Separation," which decrees, inter alia, "that the plaintiff be, and she hereby is, separated forever from the bed and board of the defendant, as prayed for in the complaint herein, because of the abandonment of the plaintiff by the defendant; . . ." Although the decree refers to findings of fact and conclusions of law, they are not contained in the decree and we have neither the complaint nor any other part of the New York record.

We deem it unwise and unnecessary to rest our decision on the vagaries of res judicata. The New York decree separates the wife from the husband's bed and board just as does a divorce a mensa et thoro in Pennsylvania. A divorce from bed and board is, among other things, an adjudication that the wife can live apart from her husband without being guilty of desertion. See *Rutherford v. Rutherford,* 152 Pa. Superior Ct. 517, 525, 32 A. 2d 921, 925-26 (1943); *Rudolph's Estate,* 128 Pa. Superior Ct. 459, 194 A. 311 (1937); *Hill v. Hill,* 62 Pa. Superior Ct. 439 (1916); *Hensinger v. Hensinger,* 6 Pa. D. & C. 2d 767 (C.P. Lehigh 1956). Thus the time during which a wife lives apart from her husband under a decree of judicial separation cannot be counted by the husband in computing the statutory period necessary to support his divorce for desertion. Further, the law in Pennsylvania has long been that the time of voluntary separation of the defendant dur-

ing the pendency of a previous suit for absolute or limited divorce brought in good faith by the defendant cannot be included by the plaintiff in the two-year statutory period. See *Zimmerman v. Zimmerman*, 202 Pa. Superior Ct. 176, 195 A. 2d 799 (1963), and cases there cited.

In according full faith and credit to the New York decree, we conclude that for all but approximately six months of the period of desertion averred by the husband, the wife was living apart either during the pendency of or by virtue of a decree of judicial separation from bed and board. The appellant, therefore, has failed to prove desertion for the statutory period of two years.

Order affirmed.