# King, Appellant, *v.* King.

*Divorce—Desertion—Separation—Intent.*

Desertion is an actual abandonment of matrimonial cohabitation, with intent to desert willfully and maliciously persisted in without cause for two years.  The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other.  The guilty intent to desert is rebutted where the separation is encouraged by the other party, or is by mutual consent.

Mutual consent to the separation, not revoked by either party, is as fatal to an application for divorce upon the ground of desertion, as would be acts on the part of the libelant which would give the respondent legal cause to leave him, and to obtain a divorce from him.

What may have been desertion in its inception, but has become a separation with mutual consent within two years, is not ground for divorce.

**34** · KING, Appellant, *v.* KING.

Syllabus—Opinion of the Court. [36 Pa. Superior. Ct.

The mutual consent that will prevent a divorce upon the ground of desertion may be inferred from the conduct of the parties, and need not be put in the form of a solemn written agreement.

*Divorce—Findings of fact—Review by the appellate court—Evidence—Appeal.*

In reviewing the evidence brought up on an appeal from a decree refusing a divorce after trial in open court by a judge, where the evidence is in irreconcilable conflict, and the correct determination of the issues of fact depends upon a determination of the veracity of witnesses who have given opposing testimony, the appellate court will, amongst other things, consider and give weight to the fact that the judge who saw and heard the witnesses and observed their manner of testifying had a much better opportunity than the appellate court to form a correct judgment as to their credibility.

*Desertion—Alimony—Counsel fee.*

The court in entering a decree refusing a divorce, may at the same time make absolute a rule on the libelant, the husband, to pay the respondent, the wife, reasonable alimony pendente lite and counsel fees.

Argued Feb. 26, 1908. Appeal by libelant, from decree of C. P. Tioga Co., Sept. T., 1905, No. 300, refusing divorce in case of George W. King v. Emogene King. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Libel for divorce on the ground of desertion.
The opinion of the Superior Court states the case.

*Errors assigned* were various findings of fact, refusal of divorce and order making absolute rule for alimony.

*J. C. Horton*, for appellant, cited: Bealor v. Hahn, 117 Pa. 169; Eshbach v. Eshbach, 23 Pa. 343.

*F. H. Rockwell*, for appellee, filed no printed brief.

OPINION BY RICE, P. J., April 20, 1908:

To the libel charging willful and malicious desertion and praying for a decree in divorce a. v. m. the respondent filed an answer denying the charge and averring that the libelant drove

her from his home without just or reasonable cause. The case was heard in open court, and after a full consideration of the testimony and reconsideration thereof upon reargument, the court found the facts to be, that the separation was forced by the libelant; that he actually drove the respondent from his home, and refused to allow her to return, notwithstanding her earnest and repeated solicitation to be allowed to do so. The respondent's testimony, if believed, was sufficient to support this finding; and if the ordinary rule, which is applicable to a judge's finding of fact from the conflicting testimony of witnesses who have testified before him in a case tried without a jury, is applicable to divorce cases in which the testimony was given in open court, we would be warranted in dismissing the exception to the foregoing finding upon the ground that manifest error is not clearly shown. It would seem from what was said in McMillin v. McMillin, 183 Pa. 91, that the rule is applicable where a divorce has been refused, the evidence is conflicting, and the decision of the questions of fact depends upon the credibility of the witnesses. But in the later case of Middleton v. Middleton, 187 Pa. 612, it was said that where the appeal is from a decree granting a divorce the Supreme Court held it incumbent upon it, except where there had been an issue and a jury trial, to review the testimony, and to adjudge whether it sustained the complaint of the libelant, and that, in such appeals, the court had not adopted the rule generally applicable to proceedings before a master or an auditor that a finding of fact will not be disturbed except for manifest error. These cases, when carefully considered, will be seen to be perfectly reconcilable; and inasmuch as McMillin v. McMillin is not mentioned in Middleton v. Middleton, we would not be justified in saying that it is overruled, and that the rule therein enunciated is no longer applicable to the class of appeals to which it relates. This rule does not imply that if the appeal be from a decree refusing the divorce, it is not incumbent upon the appellate court to review the evidence; but the case first cited is authority for this proposition, at least, that in reviewing the evidence brought up on such appeal, where it is in irreconcilable conflict, and the correct determination of the issues of fact de-

pends upon the determination of the veracity of witnesses who have given opposing testimony, the appellate court should, amongst other things, consider and give weight to the fact that the judge who saw and heard the witnesses and observed their manner of testifying had a much better opportunity than the appellate court has to form a correct judgment as to their credibility.

But leaving this consideration out of view, and using such means to determine the questions of fact as the printed testimony alone furnishes us, our conclusion is that the charge of willful and malicious desertion has not been established by the clear preponderance of the credible testimony: To be more explicit, our conclusions are: first, that if the libelant did not actually drive the respondent from his home—upon which question there is considerable room for doubt—she departed with his consent; second, that within two years she returned and made a bona fide offer to resume the marital relation which was not accepted by him. That there was a separation is undisputed, but separation is not desertion. "Desertion is an actual abandonment of matrimonial cohabitation with intent to desert, willfully and maliciously persisted in without cause for two years. The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other:" Ingersoll v. Ingersoll, 49 Pa. 249; Middleton v. Middleton, 187 Pa. 612; Hull v. Hull, 14 Pa. Superior Ct. 520. Many other cases might be cited in which this concise and comprehensive definition has been approved. The learned counsel for the appellant puts the stress of his argument upon the proposition that the respondent has not shown such cause for separation as would have been sufficient to enable her to obtain a divorce. While she testifies to a course of conduct on his part which was unkind, annoying, and naturally the cause of unhappiness to her, we are not prepared to say that she made out a case prior to her offer to return which would entitle her to a divorce from him. Nor is it necessary to go to that extent in order to sustain the decree. The guilty intent to desert is rebutted where the separation is encouraged by the other party or by mutual consent. Mutual consent to the separation, not

revoked by either party, is as fatal to an application for divorce upon the ground of desertion as would be acts on the part of the libelant which would give the respondent legal cause to leave him and to obtain a divorce from him.   Upon this subject we refer to the opinion of Judge KING in Butler v. Butler, 1 Parsons' Sel. Eq. Cases, 329, the doctrine of which has been recognized in many subsequent cases.   What may have been desertion in its inception, but has become a separation with mutual consent within two years, is not ground for divorce. See Vanleer v. Vanleer, 13 Pa. 211; 1 Bish. Mar. Div. & Sep., sec. 1667.   Again, the mutual consent that will prevent a divorce upon the ground of desertion may be inferred from the conduct of the parties, and need not be put in the form of a solemn written agreement: Olson v. Olson, 27 Pa. Superior Ct. 128.   Applying the foregoing principles to the conclusions of fact most favorable to the libelant which we are able to draw from the conflicting testimony, the court was clearly right in refusing the divorce.

Some time before the decree refusing the divorce was entered, a rule to show cause why the libelant should not pay the respondent reasonable alimony pendente lite and counsel fee was granted.   On the same day that the decree was entered the docket entries show that by opinion filed this rule was made absolute.   The opinion is not printed in the appellant's paper-book, as it should have been if one was filed and the appellant intended to press the assignment of error to the order.   The counsel contends, however, that it was beyond the power of the court to make any order of that sort at the time it was made.   We cannot agree to this proposition and do not deem it necessary to discuss it.

The decree is affirmed and the bill dismissed at the cost of George W. King, the appellant.