## Reynolds, Appellant, v. Reynolds.

*Divorce—Desertion—Husband's consent—Evidence.*

In a suit by a husband for divorce, a decree will not be entered in favor of the libellant where it appears from conversations between the parties, and from the fact that the husband voluntarily supported his wife after saying that he did not think that they

would ever live together again, that he had consented to the original separation.

Mutual consent to a separation, not revoked by either party, is as fatal to an application for divorce upon the ground of desertion as would be acts upon the part of the libellant which would give the respondent legal cause to leave him and obtain a divorce.

Argued April 27, 1917. Appeal, No. 89, April T., 1917, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1915, No. 357, refusing a divorce in case of John B. Reynolds v. Alice Duff Reynolds. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Affirmed.

Libel for divorce. Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree refusing divorce.

*Leonard S. Levin,* for appellant.—There was sufficient evidence to justify a decree for desertion: Hedderson v. Hedderson, 35 Pa. Superior Ct. 629; Detrick's App.; 117 Pa. 452; Van Dyke v. Van Dyke, 135 Pa. 459; Howe v. Howe, 16 Pa. Superior Ct. 193; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290; Whelan v. Whelan, 183 Pa. 293.

*Robert D. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee, cited: Winter v. Winter, 7 Philadelphia 369; Ralston's App., 93 Pa. 133.

OPINION BY WILLIAMS, J., July 13, 1917:

This was a libel filed by the husband for a divorce a. v. m., on the ground of desertion. The master found that respondent had, on November 13, 1913, wilfully and maliciously deserted libellant, and recommended that a decree be granted. The court below refused the decree because the evidence did not show wilful desertion, but a

separation agreed and consented to by libellant and respondent.

It is admitted that the parties were married August 28, 1902; that, due to libellant's business, he was compelled to be away from his home for months at a time, and they only cohabited a few weeks of each year until 1911, after which date they lived at an hotel in Pittsburgh until August of 1913; that she left the hotel August 24, 1913, to go to Indiana for her health, her husband paying the expenses; at midnight, November 12, 1913, when libellant returned, he found her in their rooms; an argument ensued which resulted in her leaving him the next morning, since which time, although he has supported her, they have not lived together.

What was said by the parties during their conversation on the night of November 12, 1913? He testified that he was surprised to find her in their rooms; that a disagreement arose and he suggested getting another room, but did not order her from their rooms; that upon previous occasions they had talked of or threatened a separation, but he had not desired it. He admitted that he was not exactly clear as to what he had said on the occasion of her return from Indiana.

She testified that he had said, upon finding her in their rooms: "I told you that I was through with you and didn't want to see you again; now you go or I go." They remained in the rooms together over night and he told her in the morning: "Now I am through with you, but I think enough of you to always support you." She thereupon left the hotel and has since resided at her father's house in Pittsburgh.

There was no corroboration of either party by witnesses, but a careful review of the testimony reveals corroborative circumstances which show that the husband consented to the separation, and requires us to hold that it was not such a desertion as would justify the granting of the divorce. The husband admits he suggested that he get another room; that he voluntarily supported her,

Opinion, of the Court.      [67 Pa. Superior Ct.

and that he had said he did not think they would ever live together again.    All of this occurred during the two years following the alleged desertion.

Mutual consent to a separation, not revoked by either party, is as fatal to an application for. divorce upon the ground of desertion as would be acts upon the part of the libellant which would give the respondent legal cause to leave him and obtain a divorce: Pearce v. Pearce, 53 Pa. Superior Ct. 129.

We conclude from the evidence that the libellant consented to the separation and to its continuance.

The decree is affirmed.