### Pomerantz *v.* Pomerantz, Appellant.

*Divorce—Desertion—Evidence.*

The guilty intent to desert is rebutted in a divorce case where the separation is encouraged by the other party or agreed to by mutual consent. Although the respondent may have had full intention to leave; if the libellant speeded the parting and by his acts indicated that he wished her to go, there was a common object in both of their minds, and until one or the other destroys the prior status and revokes the consent by making a bona fide offer to resume marital relations, which is refused, the separation must be regarded as consentable.

*Divorce—Charge of court—Instructions as to desertion.*

A failure to affirm a point submitted by the respondent to the effect that "If the jury find that the libellant had ordered respondent to withdraw from their home, she is not guilty of wilful and malicious desertion," is reversible error.

Argued Nov. 14, 1918. Appeal, No. 328, Oct. T., 1917, by respondent, from decree of C. P. No. 3, Philadelphia Co., June T., 1914, No. 144, granting a divorce in case of Harris Pomerantz v. Anna Pomerantz. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Libel for divorce.   Before FERGUSON, J.

From the record it appeared that the libellant filed a libel in divorce charging desertion.  An answer was filed denying the desertion.  On the libel and answer filed an issue was framed as follows:

"Did the respondent wilfully and maliciously and without reasonable cause desert the libellant, as charged in the libel?"

The jury returned a verdict answering the above issue in the affirmative.

The court entered a decree of divorce a. v. m.   Defendant appealed.

The opinion of the Superior Court states the case.

*Errors assigned* were the charge of the court, answer to point quoted in opinion of Superior Court, and the decree granting divorce.

*William T. Connor,* and with him *John R. K. Scott,* for appellant, cited: Olson v. Olson, 27 Pa. Superior Ct. 131; King v. King, 36 Pa. Superior Ct. 33; Thompson v. Thompson, 50 Pa. Superior Ct. 159; Pearce v. Pearce, 53 Pa. Superior Ct. 129; Neagley v. Neagley, 59 Pa. Superior Ct. 565; Crandall v. Crandall, 66 Pa. Superior Ct. 153.

*William A. Gray,* for appellee.

OPINION BY TREXLER, J., March 3, 1919:

There was testimony in the case shown that the libellant when the respondent left him told her "I don't want you, go!"  The wife may have had the fully formal intention to leave and the cause she gives for her leaving may not have justified the act, but if the husband speeded the parting and by his acts indicated that he wished her to go there was a common object in both their minds and, until one or the other destroys the prior status and revokes the consent by making a bona fide offer to resume

marital relations which offer is refused, the separation must be regarded as consentable. Taking the wife's version of the affair, he not only told her to go but subsequently declared that he would not live with her because he did not like her. In Neagley v. Neagley, 59 Pa. Superior Ct. 565, RICE, P. J., states the law as follows: "The law on the subject is clear. 'Desertion is an actual abandonment of marital cohabitation, with an intent to desert, willfully and maliciously persisted in, without cause for two years. The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other': Ingersoll v. Ingersoll, 49 Pa. 249. This clear and concise definition has been approved in many later cases, and has not been questioned. The guilty intent to desert is rebutted where the separation is encouraged by the other party or by mutual consent. What may have been desertion in its inception, but has become a separation with mutual consent within two years, is not ground for divorce: King v. King, 36 Pa. Superior Ct. 33; Pearce v. Pearce, 53 Pa. Superior Ct. 129. The mutual consent that will prevent a divorce upon the ground of desertion may be inferred from the conduct of the parties and need not be put in the form of a solemn written agreement: Olson v. Olson, 27 Pa. Superior Ct. 128." See Reynolds v. Reynolds, 62 Pa. Superior Ct. 280; McCampbell v. McCampbell, 64 Pa. Superior Ct. 143; Reynolds v. Reynolds, 67 Pa. Superior Ct. 465; Crandall v. Crandall, 66 Pa. Superior Ct. 153.

If we turn to the charge of the court we have no submission of the subject of consentable separation to the jury although the attention of the court was called to it by a point submitted by the respondent's counsel which was refused the point being "If the jury find that the libellant had ordered respondent to withdraw from their home, she is not guilty of willful and malicious desertion." Whether her story was to be believed was for the jury, but she was entitled to instructions to the effect that if her husband ordered her to go or consented to her going

her desertion cannot be regarded as willful or malicious but by mutual consent.

The decree of divorce is reversed with a venire facias de novo.