## McCoy, Appellant, *v.* McCoy.

*Divorce—Desertion — Insufficient evidence — Voluntary separation.*

A libel for divorce is properly dismissed, where there was no evidence of the wilful intent to desert, and the evidence discloses a mutual separation, and no offer made in good faith by either party to resume marital relations.

Where the libellant consented to his wife going and never made any proper attempt at reconciliation, and the respondent was willing at all times to return to her husband, whenever he provided a home for her, it cannot be said that the testimony established such a clear proof of a guilty intent to desert, as would justify the granting of a divorce.

Argued May 3, 1920. Appeal, No. 105, April T., 1920, by libellant, from decree of C. P. Allegheny County, Oct. T., 1919, No. 823, dismissing libel in divorce in the case of John A. McCoy v. Angeline McCoy. Before PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Libel for divorce. Before STONE, J.

The case was referred to Stewart M. Cunningham, Esq., as master, who recommended that a divorce be granted.

On exceptions to the master's report the court sustained the exceptions and dismissed the libel.

552, (1920).] Assignment of Error—Opinion of the Court.

*Error assigned* was in sustaining the exceptions.

*Robert R. Elder,* for appellant.

*Ben Paul Brasley,* for appellee.

Opinion by Trexler, J., July 14, 1920:

The plaintiff seeks to obtain a divorce from his wife on the grounds of desertion. The parties were married and lived together for a period of twenty-six years. The master recommended a decree in favor of the libellant, but the court denied the divorce for reasons which we think are convincing. The occasion for the wife's leaving the husband was that she was sick at the time, and her husband declined to employ help for her in order that the washing might be done, as she was not able to do it. He also declined to give her money to have it done and would not permit her to sew or do work to earn the money. She testifies: "I said I do not see anything only leave, and he said, to go." He did not ask her to stay. The only other person present was a son and he testified substantially to the same effect that when his mother stated she would have to leave he said, "All right go ahead and go." After the wife left, the husband sold the furniture. The libellant states that he tried a couple times to get his wife to return. Once he met her but they could not come to any conclusion, and the next meeting she did not appear. She states she sent word that she was sick. The respondent testified that she told the libellant that if he would get the house ready she would come back and live with him, but that every time she spoke about it, he would have some excuse. He never asked her to come back. She had told him that she would come back at any time and that she would go to any place. Her account of the efforts to resume relations shows a course of evasion on his part which prevented a reconciliation. We have read the testimony carefully and we think the court was right in its con-

clusion that libellant consented to his wife's going, that he never made a proper attempt at reconciliation and that the wife was willing at all times to return to her husband provided he had a home for her.  As we said in Pomerantz v. Pomerantz, 71 Pa. Superior Ct. 241, "the wife may have had full intention to leave, and the cause she gives for her leaving may not have justified the act, but if the husband speeded the parting and by his acts indicated that he wished her to go, there was a common object in both their minds, and until one or the other destroys the prior status and revokes the consent by making a bona fide offer to resume marital relations, which offer is refused, the separation must be regarded as consentable."  As was said by RICE, P. J., Neagley v. Neagley, 59 Pa. Superior Ct. 565, "The guilty intent to desert is rebutted where a separation is encouraged by the other party or by mutual consent."

The testimony does not afford such a clear proof as would justify the granting of libellant's application. The marriage relations "should never be dissolved without clear proof of imperious reasons": Richards v. Richards, 37 Pa. 225.

Decree affirmed.  Appellant for costs.