## Hyde v. Hyde.

*Divorce—Desertion—Agreement to separate.*

1. Separation is not desertion. Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert wilfully and maliciously persisted in without cause for two years.

2. Where a husband and wife are separated and one year thereafter the parties enter into an agreement in writing to live separate and apart during the remainder of their lives, the desertion is terminated by the agreement and the husband cannot thereafter maintain an action for divorce on that ground.

Divorce. C. P. Crawford Co., Sept. T., 1922, No. 144.

*Albert L. Thomas* and *Fred. C. Kiebort*, for libellant.

PRATHER, P. J., Nov. 3, 1924.—From the libel and evidence it appears that libellant and respondent were married on Nov. 10, 1919, and lived together as man and wife until April 2, 1920.

The complaint is that, upon this date, to wit, April 2, 1920, respondent "wilfully and maliciously and without reasonable cause deserted the libellant, and has absented herself from his home and family, and still persists, without reasonable cause, in such wilful and malicious desertion."

Counsel for libellant files as one of his exhibits a copy of a written agreement entered into between libellant and respondent, under date of May 4, 1921, wherein each, in consideration of libellant's paying to respondent $500, agrees to relinquish any further claims upon the other, and that each shall live separate and apart from the other during the remainder of their natural lives.

That part of the written instrument wherein libellant consents to said separation reads as follows: "In consideration of the above and foregoing,

Hyde v. Hyde.

the said party of the second part hereby agrees that it shall and may be lawful for his said wife, Pearl Hyde, to live separate and apart from him during the remainder of their natural lives; that it shall be lawful for her to reside or dwell with any person or persons she may desire, and that he will not molest, disturb nor annoy her or any person or persons harboring her; that it shall be lawful for her to engage in whatever business, occupation or pursuit she may choose and he will not molest or in any way disturb her from so doing. As a further consideration, the said party of the second part hereby releases, exonerates and quit-claims all claims, demands or rights that he might have by reason of his marital relation in or to any of the property which his said wife now owns or may hereafter acquire, etc."

In a somewhat meager manner libellant offered evidence tending to prove his cause of complaint. But we are required to consider all of the evidence in the case, and particularly the important fact disclosed by his own exhibit, the agreement of separation between himself and wife already referred to and quoted from.

In our opinion, this written agreement very clearly defeats his cause of action.

In Ingersoll v. Ingersoll, 49 Pa. 249, the Supreme Court said: "Separation is not desertion. Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in, without cause, for two years. The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other."

In Pomerantz v. Pomerantz, 71 Pa. Superior Ct. 241, the Superior Court said: "What may have been desertion in its inception, but has become a separation with mutual consent within two years, is not ground for divorce." Citing King v. King, 36 Pa. Superior Ct. 33; Pearce v. Pearce, 53 Pa. Superior Ct. 129.

In Olson v. Olson, 27 Pa. Superior Ct. 129, the Superior Court said: "What may have been desertion in its inception, but has become a separation with mutual consent within two years, is not ground for divorce. Vanleer v. Vanleer, 13 Pa. 211, furnishes an illustration of the application of this undoubted principle. 'If a desertion has commenced, then articles are entered into, it is thereby terminated in the separation by mutual consent:' 1 Bishop's Marriage, Divorce and Separation, § 1767."

It is to be observed that the marriage was solemnized Nov. 10, 1919, and that the articles of separation were entered into on May 4, 1921, or within one and one-half years after the solemnization of the marriage; that the desertion complained of took place on April 2, 1920, and the articles of separation were agreed upon thirteen months after the alleged desertion, or eleven months before the statutory period of two years had elapsed. Hence, the cause of divorce depended upon, two years of wilful and malicious desertion without provocation already begun, was abandoned by the parties to this action, as evidenced by their mutual agreement to live separate and apart from each other during the remainder of their natural lives.

The recited agreement was not only a tolling, but an extinguishment of the statutory period of desertion already entered upon.

It follows, in reason and upon authority, that a libellant in divorce cannot by consent, connivance or contrivance with his spouse, create a condition or promote a cause in support of his complaint. The libel should, therefore, be dismissed.

Now, Nov. 3, 1924, the prayer of the petitioner is refused and the libel dismissed.

From Otto Kohler, Meadville, Pa.