## Smith, Appellant, *v.* Smith.

*Divorce—Desertion—Consent.*

A mere going away from the common domicile by either a husband or wife with the consent of the other does not amount to a consentable separation which, unless it is revoked, will defeat an application for a divorce on the ground of desertion. To establish such a separation, a present intention of both parties to live apart should satisfactorily appear; at least, there must be no present intention of immediate resumption of cohabitation.

Where the evidence is sufficient to establish a wilful and malicious desertion, in spite of the fact that the original separation was by consent, a divorce will be granted.

Submitted December 11, 1924. Appeal, No. 196, Oct. T., 1924, by libellant, from decree of C. P. Schuylkill Co., Nov. T., 1922, No. 15, Alias to No. 10, March T., 1923, dismissing libel in divorce in the case of Alice G. Smith v. Randolph A. Smith. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Libel in divorce on the ground of desertion. Before BERGER, J.

The facts are stated in the opinion of the Superior Court.

74, (1925).]          Opinion of the Court.

The case was referred to T. A. McCarthy, Esq., as master, who recommended that a divorce be granted. On exceptions to the master's report, the court sustained the exceptions, and dismissed the libel.

*Roscoe R. Koch,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY GAWTHROP, J., February 27, 1925:

The parties to this action were married August 2, 1906, at Waverly, New York, and have one child, a daughter, born February 28, 1915. At the time of the marriage they were residents of Towanda, Pennsylvania, where they lived for three months. Afterward they lived at the following places: Laquin, Pa., eighteen months; Reynoldsville, W. Va., nine months; Rhymersburg, Pa., eight months; Gloucester, Mass., five months; Boston, Mass., one year; Rochester, N. H., fourteen months; Concord, N. H., twenty-one months; Springfield, Mass., twenty-two months; Brookline, Mass., two months; Blackwell, Okla., about eighteen months; Pottsville, Pa., with libellant's mother about four months, or until February, 1921. Then they went to visit the respondent's sister who lived near Towanda, Pennsylvania. The respondent had left the libellant several times and the purpose of the visit was "to get him settled to work and to establish a permanent home." About March 1, 1921, while they were at Towanda, the libellant borrowed $150 from his sister to go to Arizona and "was back in five days, broke and without any employment." Then he left again taking $20 which his wife gave him, that being all she had, and since then the wife has never seen him. She and her daughter returned to her mother's home in Pottsville, Pennsylvania, where they have since lived. Between June 19, 1921, and July 18, 1921, the respondent sent to his wife's sister $22 for the support of the libellant and the child. The libellant

has supported herself by nursing and has paid some of her husband's debts. Between March 5, 1921, and July, 1921, the respondent wrote to the libellant, but he had no place for her to live and did not ask her to come to him. On September 1, 1921, there was a call on the telephone from Philadelphia by an operator who inquired for Mrs. Alice Smith (the libellant). The libellant's mother told the operator that the libellant was not at home. When asked whether she could connect her with libellant, the mother replied that she did not know where to reach the libellant. The mother then clearly heard the voice of the respondent putting questions to the telephone operator and the latter said: "This is her (Mrs. Smith's) husband talking; tell her I am leaving the United States in forty-eight hours." This was the last that was ever heard from the respondent. There was evidence that he had left the libellant several times and that each time she had taken him back. The libel was filed September 11, 1922, and charged the respondent with wilful and malicious desertion and absence from the libellant's cohabitation without reasonable cause. Service of the subpœna was had by publication, a master was appointed, and after a hearing a report was filed in which a divorce was recommended. The record was remanded to the master for further proceedings and after the taking of additional testimony, the master again recommended a divorce. The court below dismissed the libel and filed an opinion, in which he held that the separation was by the mutual consent of the parties and that the most unfavorable inference against the respondent that can be drawn from the conduct of the parties is that the separation was with the tacit assent of each.

We are unable to join in that conclusion. It is familiar law that when it is clearly shown that the withdrawal of a wife or husband from mutual cohabitation has been the result of an agreement, or where the with-

drawal of one has received the subsequent approbation of the other the continuity of absence under such circumstances is not a "wilful and malicious desertion": Vanleer v. Vanleer, 13 Pa. 211. And the consent that will prevent a divorce on the ground of desertion may be inferred from the conduct of the parties and need not be evidenced by an agreement: Olson v. Olson, 27 Pa. Superior Ct. 128; King v. King 36 Pa. Superior Ct. 33. But a mere going away from the common domicile by either a husband or wife with the consent of the other does not amount to a consentable separation which, unless it is revoked, will defeat an application for a divorce on the ground of desertion. To establish such a separation, a present intention of both parties to live apart should satisfactorily appear; at least, there must be no present intention of immediate resumption of cohabitation. The evidence here does not warrant a finding of such a separation between the parties. It follows that the question whether the libellant's going away and his continued and unexplained absence from his family amounted to a wilful and malicious desertion is not to be decided by the application of the rule that a consentable separation never amounts to desertion. In Little v. Little, 56 Pa. Superior Ct. 419, the parties lived in Philadelphia. The husband went to New York on December 1st. The libellant (the wife) testified: "He asked if we would go when he got settled and we said we would be very glad to go for the sake of the children and my sake, but he didn't establish any home for us anywhere and consequently we could not go to one." We held that this was clearly sufficient to fix the time when the statutory two years would begin to run, and that a separation under the circumstances amounted to wilful and malicious desertion. After a careful study of the evidence in this record we are satisfied that it establishes the statutory grounds upon which a divorce for desertion is allowed.

The decree dismissing the libel is reversed at appellee's costs, and the record is remitted to the court below with direction to enter a decree of divorce a vinculo matrimonii.