## Collins v. Collins.

S. E. *Caven*, for libellant.

BROWN, JR., J., Jan. 31, 1931.—This case is before us on libellant's exceptions to the master's report in which he recommended that the libel be dismissed for want of jurisdiction.

In March, 1928, when respondent left libellant, they were living in Philadelphia, and subsequently, in November, 1929, libellant moved to Towanda in Bradford County. Then on May 21, 1930, she filed her libel, not in Bradford County where she resided, but in Philadelphia County where the respondent had his residence. The question for determination is whether this was permissible under the Act of May 2, 1929, P. L. 1237.

Section 15 of the act provides: "All petitions or libels for divorce shall be exhibited to the court of the county where the libellant resides, except where the husband and wife shall be resident in different counties of this Commonwealth, and, while so resident, *a cause of divorce shall arise*, in which cases the libellant may, at his or her option, institute and prosecute proceedings either in the county of his or her own residence or in the county wherein the respondent shall be resident and *the cause for divorce shall have arisen.*"

The cause of divorce alleged is desertion. Did it arise in Philadelphia when the libellant and respondent resided here or when they were resident in different counties? Section 10 (*d*) of the act provides that it shall be lawful for a wife to obtain a divorce when her husband "shall have committed willful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years." "Separation is not desertion. Desertion is an actual abandonment of matrimonial cohabitation, with intent to desert, willfully and maliciously persisted in without cause for two years. The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other:" King *v.* King, 36 Pa. Superior Ct. 33, 36; Ulizio *v.* Ulizio, 96 Pa. Superior Ct. 91, 95. Withdrawal of the husband in itself is not sufficient. It must be persisted in for two years. At any time during that period he may ask his wife to return to him and offer to provide a home for her. If he does this in good faith then there is no desertion. Desertion does not become a ground for divorce until the conclusion of the two-year term. So here it arose as "a cause of divorce" only at the expiration of two years after respondent withdrew in March, 1928, from libellant's habitation, *i. e.*, in March, 1930, while they were "resident in different counties."

Section 17 of the act provides that "in cases of willful and malicious desertion, and absence from the habitation without reasonable cause," the wife may exhibit her libel to the court "at any time not less than six months after such cause for divorce shall have taken place, but the case shall not proceed to a hearing until after the expiration of two years from the time at which such desertion took place." The phraseology of this section, if applied to that of section 15, might seemingly indicate that desertion means the original withdrawal or leaving of the home by the husband, but as the learned master has well said, "this limitation [section 71] is a restriction only on the institution of the suit and not a regulation of the genesis of the cause of action. . . . This provision . . . is a restriction only on the time in which the case may proceed to a hearing and final decree. It in no way alters or changes the jurisdiction of the courts. The question of jurisdiction is entirely a different question."

The present proceedings were properly instituted in Philadelphia County, where respondent resided when the cause of divorce arose; therefore, the exceptions are sustained.