## Zirpoli *v.* Zirpoli, Appellant.

Argued November 15, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Herman Steerman,* with him *Howard Richard, Jack Brian, William T. Steerman,* and *Richard L. Hahn,* for appellant.

*Charles F. Mayer,* for appellee.

OPINION BY GUNTHER, J., January 21, 1958:

This is an appeal by defendant, Margaret A. Zirpoli, from the entry of a decree in divorce on the ground of desertion.

John Zirpoli and Margaret A. Zirpoli were married on June 3, 1926, and they lived together in various places in Philadelphia and in Delaware County. In January, 1944, they purchased a home at 913 Mason Avenue, Drexel Hill, Pennsylvania, where they resided until March 15, 1954, the date of their separation. Plaintiff is 55 years old and defendant is 54 years old. One child, Adelyn, was born of this marriage, who, during the separation of the parents, was married on July 17, 1954.

On March 15, 1954, plaintiff, at the request of defendant, drove her to her sister's house on 2016 Spruce Street where she was working for her sister. On the way down, plaintiff had to stop his car suddenly at 22nd and Chestnut Streets and defendant was thrown

against the windshield, receiving injuries about her head. Defendant was taken to the Graduate Hospital where she received first aid and was discharged. Later she was driven to the home of her sister by plaintiff where she has resided ever since. Plaintiff continued to reside at the common domicile during the entire period of the desertion.

On December 12, 1955, plaintiff filed an action in divorce on the ground of indignities. On September 25, 1956, a stipulation was filed amending the ground for divorce and including the ground of desertion. The master filed his report on April 12, 1957 denying plaintiff's right to divorce on the grounds of indignities, but recommending a divorce on grounds of desertion. Exception to the master's report were dismissed and a decree was entered.

From a review of the testimony and the arguments presented we must determine whether the desertion alleged was willful and malicious and persisted in for a period of over two years or whether the wife left by consent or for reasonable cause. The evidence disclosed that after the accident plaintiff continued calling his wife for a period of approximately two weeks at the home of defendant's sister but that he was unable to talk to his wife. The sister always answered the telephone and gave evasive reasons for not calling her. Thereafter he made no further efforts to call her, although he did contribute toward her support for approximately three months. Plaintiff further testified that he was waiting for defendant's return and that the doors were open for her return.

Plaintiff testified that the daughter of plaintiff and defendant took certain clothing belonging to the defendant from 913 Mason Avenue, their common domicile, to the sister's home. This was admitted on page 203 of the record as follows:

"Q. After the accident occurred, your daughter was still living with your husband, is that correct? A. That's right. Q. Did she come and see you? A. Yes. Q. And did she go back to 913 Mason Avenue and get your clothes? A. Yes."

It was shown that the wife had been absent from 913 Mason Avenue, the common habitation of the parties, since March 15, 1954 and never returned. Was this separation willful and malicious?

Guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other. When separation has been proved and the defendant claims justification for such action, the burden rests upon that party to prove consent or reasonable cause. An apparently willful and malicious intent may be rebutted by evidence that the separation was encouraged by the other party or was by mutual consent. Where separation for the requisite period has been proven by the plaintiff and the other party claims justification for such action, the burden rests upon that party to prove consent or a reasonable cause. *Larsen v. Larsen,* 184 Pa. Superior Ct. 221, 132 A. 2d 883; *Mertz v. Mertz,* 119 Pa. Superior Ct. 538, 180 A. 708. Where a desertion appears and is without legal reasonable cause, it is presumed to be willful and malicious. *Tatem v. Tatem,* 164 Pa. Superior Ct. 307, 64 A. 2d 514; *Salakas v. Salakas,* 162 Pa. Superior Ct. 114, 56 A. 2d 357.

The next consideration is whether the wife had reasonable cause to remain away or whether the plaintiff consented to the separation.

Defendant's testimony reveals that plaintiff did not get drunk, that he did not keep late hours, nor run around with women. He gave her gifts, remembered her birthdays and exchanged gifts on Christmas. He was always employed and provided her with neces-

saries of life until the day of their separation. The testimony does not disclose any reasonable cause which would have justified her leaving, and defendant failed to prove any conduct on the part of her husband which would give her grounds for divorce.

To establish a consentable separation, a present intention of both parties to live apart should satisfactorily appear, at least there must be no present intention of immediate resumption of cohabitation. *Smith v. Smith*, 85 Pa. Superior Ct. 74.

The testimony indicates that defendant told plaintiff she would stay with her sister a while and would let him know when to pick her up. She testified that plaintiff told her that he would come back for her, which indicates that plaintiff did not have any intention of not resuming cohabitation or leaving his wife. The fact that plaintiff took defendant to her sister's home would not amount to his consent to the separation. He took her there so that she could have proper care. She was left there temporarily but he did not expect her to remain there after she recuperated from the injury. He sent her money for several months until he discovered that she had no intention of returning. The testimony of both parties shows they intended to resume cohabitation.

She was questioned at page 282 and gave her answers as follows:

"Q. Would you have been able to return home while your husband was at work and have gotten the clothes? A. No. I didn't want to do that. I just didn't want to do that, because he would come home sometimes, I mean when he would be on his job he would stop home and I just felt that my husband said to me. I will come for you and I based everything on that and I thought perhaps if he would come for me, we would talk things over and we would live differently. I was

just afraid because I was beginning to think: How was I going to die? How am I going to die? And that was a great fear and I couldn't live with that fear."

On pages 204-205 we also find the following:

"Q. Why didn't you go back to 913 Mason Avenue? A. Why I didn't go back to my husband. Because my husband would disturb me and tell me I should be like other women and go out to work and for me, why didn't I do something for myself and die! And die! And he would call me all names and he told me he never loved me, he doesn't love me, why don't I get rid of myself or do something to myself and I had that fear."

Defendant also testified that plaintiff did not call her or seek a reconciliation. In *Hockberg v. Hockberg,* 166 Pa. Superior Ct. 306, 70 A. 2d 864, we said that it is not incumbent upon the plaintiff to seek a reconciliation, nor ask the wife to return.

Plaintiff's testimony in the matter of consent appears on pages 320-324.

"Q. Immediately prior to the accident, had you and your wife had any discussion about living separate and apart from one another? A. Before the accident, you mean, or after the accident? Q. Immediately prior, right before it? A. No. Q. Did you at any time consent to your wife living apart from you? A. No. Q. Communicate to her that you would consent to her staying down at the Spruce Street address. A. No."

Defendant's excuse for staying away from their common domicile was the injury received on March 15, 1954. The testimony, however, does not reveal that she was physically unable to return before the statutory period had passed.

In *Laterza v. Laterza,* 124 Pa. Superior Ct. 103, 188 A. 89, the wife left her husband and went to the home of her parents on account of illness of their son. After

the child got well the wife did not return to the common domicile or habitation. We held that was not a reasonable ground for the wife to remain away. In a complaint for divorce on the ground of willful and malicious desertion, where the defendant attempts to justify her action, the burden is upon her to prove clearly such conduct upon the part of her husband as would warrant a dissolution of the marriage bond. The defendant in the instant case did not make any offer or attempt to return.

In this respect, the following is her testimony:

"Q. Was that the reason you didn't return home, the fact that he didn't come to get you down at the Spruce address? A. That's right. Q. And did you ever go back to 913 Mason Avenue? A. Never went back because my husband said he was going to come after me. Q. And when he didn't come after you, we will say for two months, you never went back to the house, did you? A. No."

This case is distinguishable from the case of *Franks v. Franks*, 129 Pa. Superior Ct. 487, 196 A. 578. In the *Franks* case the plaintiff admitted in his own testimony that he and his wife mutually agreed to separate and live apart. In the case at bar, plaintiff proved that the wife stayed at her sister's home for over two years after she recovered from her injuries.

The fact that plaintiff contributed to his wife's support while she stayed with her sister is not conclusive evidence that he consented to the separation. Payment by plaintiff of traveling expenses and his continuance of monthly allowance to respondent after her departure were not inconsistent with the limited consent he gave to a temporary separation. *Westfall v. Westfall*, 148 Pa. Superior Ct. 477, 25 A. 2d 614.

The plaintiff testified that he expected his wife to come home any day, that she did not call and he did

not call her. When asked whether he was willing to have his wife come back to their home, he answered:

"A. I was, I was waiting and waiting all the time, at first, but it seems she didn't make any consideration to come back and let it go and that was it."

It appears from all the evidence that the separation took place after the accident. While it is true that the intent to separate is made necessary by bodily injury, the need for medical treatment cannot be used as an excuse for prolonged and unnecessary absence.

Defendant could have returned long before the statutory period and her failure to do so constituted willful and malicious desertion.

Decree is affirmed.